# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARY GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:12-cv-03752-WSD |
| v. | ) | |
| | ) | |
| WELLSTAR HEALTH | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS AND TO EXCLUDE TRIAL WITNESS AND DOCUMENTS WHICH DEFENDANT FAILED TO TIMELY DISCLOSE

Plaintiff Mary Godwin ("Plaintiff") files this Motion *in Limine* to exclude any arguments or commentary regarding her dismissed claims, and requests an Order prohibiting Defendant WellStar Health Systems, Inc. ("Defendant") from making any statements, directly or indirectly, relating to the claims dismissed at the summary judgment stage of this action.

Plaintiff further moves *in limine* for an Order striking Linda Durham, Paula Arnett, and Phil Phillips from Defendant's trial witness list pursuant to Fed. R. Civ. P. 37(c) because it failed to timely disclose them as having discoverable knowledge. The grounds supporting this Motion are set forth below.

## I.   <u>BACKGROUND</u>

Plaintiff filed this lawsuit on October 26, 2012, and asserted claims for discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.,* as well as retaliation and failure to accommodate in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

On July 29, 2013, after conducting discovery, Defendant moved for summary judgment on all of Plaintiff's claims.  On March 27, 2014, the District Court granted Defendant's motion in full.  Plaintiff subsequently appealed the District Court's Order.  On June 17, 2015, the Eleventh Circuit issued a *per curiam* Opinion wherein it reversed the District Court's Order granting Defendant's summary judgment motion on Plaintiff's age discrimination claim, but affirmed the dismissal of all other claims made by Plaintiff.

The only claim at issue in this trial is whether Plaintiff was discriminated against by Defendant because of her age.  The dismissed claims are no longer before the Court.  Accordingly, Plaintiff seeks to prevent Defendant from making any arguments or statements, directly or indirectly, about the dismissed claims.

Furthermore, Plaintiff moves to strike Linda Durham, Paula Arnett, and Phil Phillips from Defendant's trial witness list as they were never identified in

Defendant's Initial Disclosures, Defendant's Responses to Interrogatories, or at any other time during discovery.

## II.    DEFENDANT SHOULD BE PREVENTED FROM MAKING ANY ARGUMENTS OR COMMENTARY REGARDING PLAINTIFF'S DISMISSED CLAIMS

Plaintiff seeks to exclude any arguments or commentary regarding her dismissed claims. The fact that certain claims were dismissed in this lawsuit has no bearing on the trial of Plaintiff's age discrimination claim.  Allowing such statements could cause the jury to infer that, having lost all of her claims but one, her remaining age discrimination claim is questionable. This would substantially prejudice Plaintiff, confuse the issues in the case, and allow the jury to draw improper inferences about the merits of Plaintiff's age discrimination claim.

### A. Any Reference to Plaintiff's Dismissed Claims Should be Excluded as Irrelevant under Federal Rule of Evidence 402

Any arguments or commentary regarding the dismissed claims should be excluded because it is irrelevant and inadmissible under to Rules 401 and 402 of the Federal Rules of Evidence. Under Rule 402, evidence that is not relevant is inadmissible at trial. Under Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401 (emphasis added).

3

The fact that some claims were dismissed from this lawsuit is irrelevant to the sole question at trial: Whether Plaintiff was discriminated against by Defendant because of her age.  Absent pure, unfounded speculation, the dismissal of some claims from this lawsuit does not make any fact of consequence to this discrimination claim against Defendant any more or less probable.  Indeed, without a complete explication of the claims, coupled with the legal standards applicable to them on summary judgment, it is impossible for their dismissal to tilt the scales of probability at all without implicating the prohibitions of Rule 403.  As explained below, bringing in this evidence implicates Rule 403 and its purpose to avoid confusion, unfair prejudice, undue delay, and waste of time.

Courts have repeatedly excluded evidence of dismissed claims when a case is tried on the remaining claim(s). *See, e.g., Andazola v. Logan's Roadhouse, Inc.,* 2013 WL 1834308 at *8 (N.D. Ala. Apr. 29, 2013) (granting motion *in limine* to exclude evidence that is relevant only to plaintiff's dismissed claims); *McGinnis v. American Home Mortg. Servicing, Inc.,* 2013 WL 3964916 at *1 (M.D. Ga. July 31, 2013) (granting motion *in limine* to exclude all evidence relating to dismissed claims to the extent that it does not support the remaining claim).

## B. Any Reference to Plaintiff's Dismissed Claims Should be Excluded as Prejudicial under Rule 403

Even if the Court finds that argument or commentary about the dismissed claims has some marginal relevance (which Plaintiff disputes), the Court should nonetheless exclude such commentary under Rule 403 because any probative value is substantially outweighed by the obvious potential for prejudice, jury confusion, and undue delay. *See* Fed. R. Evid. 403 (evidence is excludable "if its probative valued is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.").

The evidence that Plaintiff seeks to exclude meets the requirements for exclusion under Rule 403. If Defendant makes comments or arguments about the dismissed claims, it would be highly prejudicial to Plaintiff because the jury may view her claims against Defendant through the prism of the dismissals, rather than viewing the evidence objectively and with the scrutiny it deserves. *See Fallon v. Pottery*, 2008 WL 5395984 at *2 (M.D. La. 2008) (admission of dismissed claims could confuse and prejudice the jury); *Elston v. UPMC-Presbyterian Shadyside,* 2008 WL 682494, at *2 (W.D. Pa. 2008) (references to dismissed claims excluded as prejudicial and likely to confuse and mislead the jury). Moreover, references to the dismissed claims may require evidence and judicial instruction. Beyond the

5

real danger of thoroughly confusing the jury, allowing this conduct would waste valuable time and expand the trial.

### III.   WITNESSES AND DOCUMENTS THAT WERE NOT TIMELY DISCLOSED AND PRODUCED DURING DISCOVERY SHOULD BE EXCLUDED AT TRIAL

#### A. Background

Defendant filed its Initial Disclosures on or about February 13, 2013. (Doc. 12).  In its Initial Disclosures, Defendant identified Ken Tifft, Mary Louise Tavernarro, Kris Betts, Tony Trupiano, and Cherise Brown as individuals who have discoverable knowledge.[1]  Defendant never amended its Initial Disclosures. On March 18, 2013, Defendant served its Response to Plaintiff's Interrogatories. Interrogatory No. 5 asked Defendant to *"[i]dentify all persons whom you know or believe to have knowledge concerning any of the claims or defenses asserted in this action, and describe in full detail the knowledge each such individual is known or believed to possess."* (Exhibit A).  Notably, Defendant's response did not include three individuals it has now identified as trial witnesses: Linda Durham, Paula Arnett, and Phil Phillips.  These individuals are not mentioned *anywhere* in

---

[1] Defendant's catch-all inclusion of "all witnesses identified by Plaintiff in discovery and all witnesses identified in any document produced by Defendant" in its Initial Disclosures does not comply with Federal Rule of Civil Procedure 26 and did not adequately notify Plaintiff about individuals with discoverable knowledge. (Doc. 12-1).

Defendant's Initial Disclosures or Defendant's Responses to Plaintiff's
Interrogatories.

Two years after the close of the discovery period, despite the foregoing
opportunities to disclose Durham, Arnett, and Phillips, Defendant identified these
potential trial witnesses on its Witness List, Attachment F-2 to the Pretrial Order.
(Doc. 68-1, pp. 33-34). Defendant did not include any description of their relevant
knowledge and Plaintiff can only speculate as to what they may testify about.
Defendant cannot be permitted to fail to disclose witnesses and their relevant
knowledge, and then rely on those witnesses at trial to further its  defenses.  To do
so would allow Defendant to circumvent Plaintiff's efforts to conduct proper
discovery and would run afoul of the Federal Rules of Evidence.

Because of Defendant's late identification of trial witnesses, Plaintiff is
unable to properly investigate these witnesses' knowledge before trial.  Striking
these individuals from Defendant's trial witness list, and striking the related
exhibits created from its late supplemental document production,[2] is the only
appropriate sanction to remedy Defendant's failure to comply with the Federal
Rules of Evidence and Civil Procedure.

---

[2] On August 19, 2015, shortly before the proposed Consolidated Pretrial Order was
filed, Defendant produced numerous personnel files.  Defendant's Proposed Trial
Exhibits numbered 25 through 44 consist of documents gathered from the August
19, 2015 production of documents.

### B. Witnesses Who Were Untimely Disclosed Should be Struck from Defendant's Witness List

Federal Rule of Civil Procedure 26(a)(1) requires the disclosure of potential witnesses' names, addresses, telephone numbers, and the subject matter of their information.  Additionally, Federal Rule of Civil Procedure 26(e) requires parties to timely supplement these disclosures.  Defendant's last minute identification of trial witnesses Durham, Arnett, and Phillips, well after the close of discovery, violates basic principles of fairness and the Federal Rules of Evidence.

Fed. R. Civ. P. 37(c) prohibits a party from using any witness that it failed to disclose under Rule 26(a) and 26(e)(1).  Under the Federal Rules of Evidence, failure to identify a witness bars a party from offering that witness at trial "unless the failure was substantially justified or is harmless." *Federal Ins. Co. v. United Community Banks, Inc.,* 2010 WL 3842359 at *6 (N.D. Ga. 2010). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.,* 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quotation omitted).  The Supreme Court has emphasized that "[m]utual knowledge of all relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

Courts regularly exclude witnesses' testimony at trial in these circumstances. In *Chemfree Corp. v. J. Walter, Inc.*, 2009 WL 2914276 at * 3 (N.D. Ga. May 27,

8

2009), the defendants listed two witnesses on the pre-trial order witness list who were not identified during discovery. *Id*. The court held that defendants' failure to disclose these witnesses in its discovery disclosures prevented the plaintiff from having the opportunity to depose the witnesses on issues related to her case. *Id*. As a result, the court granted the plaintiff's motion *in limine* and the defendants were disallowed from offering the witnesses' testimony at trial. *Id*.

Similarly, in *Williams v. Consolidated City of Jacksonville*, 2006 WL 305916 at * 3 (M.D. Fla. Feb. 8, 2006), another directly analogous case, the plaintiffs moved *in limine* to exclude fourteen witnesses that the defendant identified on the final day of supplemental discovery. The court granted the plaintiffs' motion and excluded the witnesses because the plaintiffs' did not have enough time to examine the witnesses.  *See also Burney v. Rheem Manufacturing Co., Inc.*, 196 F.R.D. 659, 689-90 (M.D. Ala. 2000) (citing Fed. R. Civ. P 37(c) while holding that witnesses who were not properly disclosed in response to valid interrogatories, in supplementation to said interrogatories, or in response to the Rule 16 scheduling order should be barred from use at trial).

Here, as in *Williams* and *Chemfree*, *supra,* despite Defendant's obligations to this Court and Plaintiff's requests, Defendant failed to properly identify Durham, Arnett, and Phillips as individuals likely to have discoverable

9

information.  In fact, Defendant *never* disclosed these witnesses until nearly the eve of filing the proposed pre-trial order, and two years after discovery ended. Given the passage of time, Defendant's conduct in this instance is much more egregious than the defendant's conduct in *Williams.*  Furthermore, Defendant has no reason, much less a substantial justification, for failing to disclose these individuals as trial witnesses.  Defendant's last-minute disclosure is precisely the inaction Fed. R. Civ. P. 37(c) is meant to discourage. As such, Linda Durham, Paula Arnett, and Phil Phillips should be excluded from testifying at trial and any related exhibits from the late-production of their personnel files should also be stricken from Defendant's proposed exhibit list.

## IV.   CONCLUSION

For the foregoing reasons, the Court should enter an Order: (1) excluding any arguments or commentary regarding the dismissed claims; (2) excluding witnesses Durham, Arnett, and Phillips from testifying at trial pursuant to Fed. R. Civ. P. 37(c); and (3) striking any exhibits from Defendant's late-production of their personnel files.

Respectfully submitted,

s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com

10

Rachel Berlin
Georgia Bar No. 707419
rberlin@buckleybeal.com

BUCKLEY BEAL LLP
Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

***Counsel for Plaintiff Mary Godwin***

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARY GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:12-cv-03752-WSD |
| v. | ) | |
| | ) | |
| WELLSTAR HEALTH | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2015, the foregoing **PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS AND TO EXCLUDE TRIAL WITNESS AND DOCUMENTS WHICH DEFENDANT FAILED TO TIMELY DISCLOSE** was filed electronically through the CM/ECF system, is available for viewing and downloading from the CM/ECF system and will be sent electronically to the following registered participants:

Charles L. Bachman
Lauren A. Nations
William P. Miles

**BUCKLEY BEAL, LLP**

By:   s/ Edward D. Buckley
      Edward D. Buckley
      Georgia Bar No. 092750