IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY GODWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLSTAR HEALTH SYSTEM, INC., )<br>)<br>Defendant. ) | Civil Action File No:<br>1:12-cv-3752-WSD |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS AND TO EXCLUDE TRIAL WITNESSES AND DOCUMENTS WHICH DEFENDANT FAILED TO TIMELY DISCLOSE**

Defendant WellStar Health System, by and through its undersigned counsel, hereby submits its Response to Plaintiff's Motion *in Limine*.

In her Motion *in Limine*, Plaintiff moves to prohibit Defendant from introducing evidence regarding the fact that several of her claims have been dismissed and she moves to preclude Defendant from calling three witnesses at the trial because Defendant did not expressly identify them as witnesses prior to doing so in the Consolidated Pretrial Order. As to Plaintiff's Motion to exclude any reference to her dismissed claims (Pl.'s Mot. at 3-6), Defendant agrees with Plaintiff that both parties should not refer to these dismissed claims or facts related to these claims. In fact, Defendant has moved *in limine* to exclude Plaintiff from

referencing any facts related to her dismissed claims. As such, the parties are in agreement on this issue.[1]

Second, Plaintiff moves to prevent Defendant from calling Linda Durham, Paula Arnett, and Phil Phillips as witnesses because it did not explicitly identify them as witnesses in its Initial Disclosures or in its Responses to Plaintiff's Interrogatories. (*See* Pl.'s Mot. at 6-10.) As was made clear during the depositions of the various witnesses in this case and documents produced by both parties, these witnesses were co-workers of the Plaintiff in the Purchasing Department and have information about the work environment before and/or after Cherise Brown (the alleged discriminator) came to supervise this department. It is undisputed that several of Plaintiff's co-workers were properly identified. The undisclosed witnesses are expected to provide testimony similar to the disclosed witnesses.

Federal Rule of Civil Procedure 37 states that if a party does not provide information to disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, although Ms. Durham, Ms. Arnett, and Mr. Phillips were not explicitly identified

---

[1] If Plaintiff does make some suggestion during the trial that the motivation behind her termination was retaliation, Defendant would ask for a corrective instruction that would include the fact that the retaliation claim has been dismissed and is not before the jury for consideration.

in Defendant's Initial Disclosures or Discovery Responses, they should not be excluded as witnesses because that failure is harmless for at least five reasons.

As an initial matter, these witnesses were repeatedly referenced in the documents produced by both Plaintiff and Defendant (many of these documents both parties plan to rely upon at trial).[2]  As to Linda Durham specifically, failure to disclose her was clearly an oversight.  Indeed, in its Interrogatory Responses, Defendant disclosed that Kristin Betts (Defendant's Director of Human Resources) conducted an investigation regarding Plaintiff's allegations that Ms. Brown was discriminating against her, and Defendant explained in this Interrogatory Response that Ms. Betts interviewed Chris Sabora, Dan Lee, Lynn Bryant, and Ellen Quarles. (*See* Defendant's Response to Int. No. 5 (attached as Exhibit 1 to Plaintiff's Motion *in Limine*)).  Around the same time Defendant identified these witnesses, Defendant produced Ms. Betts's notes from those interviews, which included interview summaries with these individuals plus an interview summary from her conversation with Ms. Durham.  Both parties plan to use these interview notes during the trial, and they have identified these notes as Joint Exhibit 34 (attached hereto as **Exhibit 1**).  Although Defendant acknowledges it should have expressly identified Ms. Durham in Response to Interrogatory No. 5, a cursory review of

---

[2] As Plaintiff acknowledges, Defendant also included a provision in its initial disclosures identifying witnesses identified in documents.

Joint Exhibit 34 demonstrates that Defendant did not purposely exclude her from its responses and that Ms. Durham was a relevant witness in this matter. Because Defendant's failure to expressly identify Ms. Durham was an oversight, it should be permitted to call her as a witness to testify along with the other co-workers that participated in that investigation.

Moreover, Ms. Betts's notes from her interview with Plaintiff indicate that Plaintiff believes both Ms. Durham and Mr. Phillips have relevant information about her case. In her interview with Ms. Betts, Plaintiff told Ms. Betts that these witnesses would support her concerns about Ms. Brown. Both parties have indicated that they plan to use these interview notes, and they have identified these notes as Joint Exhibit 30 (attached hereto as **Exhibit 2.**)

Similarly, Plaintiff's handwritten notes from a journal she kept repeatedly identify these individuals as having relevant information about her case. Again, the parties have both indicated that they plan to use these notes during the trial and have identified these notes as Joint Exhibit 25 (attached hereto as **Exhibit 3**.)

Second, these witnesses were repeatedly identified during the depositions taken by both sides in this case. Indeed, every witness who was deposed in this case identified at least one of these witnesses:

| Deponent | Cite |
|---|---|
| Plaintiff | Pl. Dep. at 34 – 35, 133-34[3] |
| Kristen Betts | Betts Dep. at 56, 66[4] |
| Tony Trupiano | Trupiano Dep. at 23[5] |
| Mary L. Tavernaro | Tavernaro Dep. at 95, 122[6] |
| Ken Tifft | Tifft Dep. at 18-19, 41-46, 60, 92[7] |
| David Wells | Wells Dep. at 47[8] |
| Neel Reed | Reed Dep. at 37, 40, 42, 75[9] |

In fact, Plaintiff's counsel was so familiar with Linda Durham that he helped Mr. Trupiano remember her last name during his deposition:

> Q: Can you name [the buyers in the Purchasing Department]?
>
> A: David Wells, Dan Lee, Ellen Quarles, Neal Reed, Linda – Linda's last name is escaping me. I'm actually going cubicle by cubicle to try to refresh my memory.
>
> Q: Okay.

---

[3] Relevant portions of Plaintiff's Deposition are attached hereto as **Exhibit 4**.
[4] Relevant portions of Ms. Betts's Deposition are attached hereto as **Exhibit 5**.
[5] Relevant portions of Mr. Trupiano's Deposition are attached hereto as **Exhibit 6**.
[6] Relevant portions of Ms. Tavernaro's Deposition are attached hereto as **Exhibit 7**.
[7] Relevant portions of Mr. Tifft's Deposition are attached hereto as **Exhibit 8**.
[8] Relevant portions of Mr. Wells's Deposition are attached hereto as **Exhibit 9**.
[9] Relevant portions of Mr. Reed's Deposition are attached hereto as **Exhibit 10**.

      A:    That's all I can remember at this time.

      Q:    Is Linda's last name Durham?

      A:    Yes.

(Trupiano Dep. at 23.)

Third, Plaintiff – through the declaration of Lynn Bryant – has identified Paula Arnett and Linda Durham as comparators. (*See* Bryant Decl. at ¶ 5.) Plaintiff apparently plans to use this declaration as an exhibit as it has identified it as Plaintiff's Exhibit 35. According to Ms. Bryant, these individuals had similar error rates as Plaintiff but were not disciplined. Although Defendant believes Ms. Bryant's declaration is improper and has objected to its use (*See* Dkt. No. 45), the declaration nonetheless makes clear that Plaintiff recognized Ms. Arnett and Ms. Durham as potential witnesses in this case.

Fourth, it would disingenuous for Plaintiff to allege that she has been prejudiced by Defendant's failure to explicitly disclose these witnesses. Plaintiff deposed a number of individuals in this case. However, she has never indicated an interest in deposing the co-workers who were not terminated. Indeed, although she deposed two former co-workers that were terminated during Ms. Brown's tenure, she did not depose Chris Sabora, Dan Lee, Ellen Quarles, Lynn Bryant, or any

other co-worker in the Purchasing Department. As such, there is no reason to believe that Plaintiff would have deposed Mr. Phillips, Ms. Durham, or Ms. Arnett.

Finally, Plaintiff complaining about Defendant failing to disclose these three witnesses is somewhat like the pot calling the kettle black. Indeed, Plaintiff has also identified three "may call" witnesses that she has not previously disclosed as having relevant information about her case: Chris Sabora, Dan Lee, and Ellen Quarles. If Plaintiff is correct that Defendant should be precluded from calling witnesses simply because they were not expressly disclosed on the Initial Disclosures or Discovery Responses (even though they were discussed in depositions, the documents produced, and known to the parties), Plaintiff should be prevented from calling these witnesses as well. *See EEOC v. Chrysler LLC*, 610 F. Supp.2d 818 (E.D. Mich. 2009) (denying motion to strike the plaintiff's witness, in part, because the defendant also used a declaration from a previously undisclosed witness).

Simply put, Plaintiff should not be permitted to take a tactical advantage in this case simply because Defendant failed to disclose certain witnesses. Here, the undersigned counsel fully understands that it is counsel's responsibility to identify every witness and he takes that responsibility seriously, but in this case Defendant's non-disclosure of these witnesses was a harmless oversight and

Plaintiff simply cannot show that she suffered any prejudice due to the oversight. Under these circumstances, courts have repeatedly held that witnesses should be precluded from testifying. *See, e.g., Brantley v. Ferrell Electric, Inc.*, -- F.Supp.2d --, Case No. CV 114-022, 2015 WL 3541552, at *4-5 (S.D. Ga. May 29, 2015) (denying motion to preclude witnesses not previously explicitly disclosed because these witnesses had been repeatedly discussed during the depositions in the case); *Woods v. Austal, U.S.A., LLC*, Civil Action No. 09-0699-WS-N, 2011 WL 1380054, *2-4 (S.D. Ala. April 11, 2011) (refusing to strike declarations from non-disclosed witnesses in a discrimination case because the plaintiff was familiar with the witnesses and knew that they were likely to have discoverable information); *Cf. Berryman v. City of Gainesville, Fla.*, No. 1:10 CV 177-MP-GRJ, 2012 WL 1130074, at *4 (N.D. Fla April 4, 2012) (refusing to exclude late-produced documents because opposing party could not explain what additional discovery it would have conducted if it had received these documents earlier).

Plaintiff has also asked that any documents related to these witnesses be excluded as well because they were not disclosed until two years after the close of discovery. Defendant produced the personnel files of these witnesses and all other witnesses in response to Plaintiff's Document Requests, which are attached hereto as **Exhibit 11**.) Specifically, Document Request No. 12 asked Defendant to

- 8 -

produce the personnel files of [e]ach person identified as a will- or may-call witness in Defendant's portions of the consolidated pretrial order which will be submitted in this case." Once Defendant determined that it might call these witnesses during the trial, Defendant immediately produced these documents. Admittedly, two years after the close of discovery appears to be a long period of time at first blush. However, Plaintiff ignores the fact that there was a substantial delay between the close of discovery and the trial of this case because of the summary judgment proceedings and Plaintiff's appeal of this matter to the Eleventh Circuit Court of Appeals. Contrary to Plaintiff's assertion, these personnel files were produced as soon as they became responsive to Plaintiff's Document Requests (i.e., when Defendant decided to use call these individuals as witnesses). As such, Defendant should be permitted to use documents from these personnel files.

## **CONCLUSION**

As discussed above, defense counsel understands that he should have explicitly disclosed these witnesses in Defendant's Initial Disclosures and Defendant's Interrogatory Responses. That said, these three proposed witnesses were repeatedly discussed in the depositions and documents produced in this case.

As such, Defendant respectfully requests that the Court deny Plaintiff's Motion *in Limine* to exclude these witnesses.

Submitted, this 16th day of October, 2015.

>**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
>*Attorneys for Defendant*
>
>  /s/William P. Miles, Jr.
> Charles L. Bachman, Jr.
> Georgia Bar No. 030545
> William P. Miles, Jr.
> Georgia Bar No. 505828
> Lauren A. Nations
> Georgia Bar No. 301299
> cbachman@gregorydoylefirm.com
> wmiles@gregorydoylefirm.com
> lnations@gregorydoylefirm.com

49 Atlanta Street
Marietta, GA 30060
770-422-1776 (telephone)
770-426-6155 (facsimile)

## CERTIFICATE OF COMPLIANCE

I hereby certify that **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S DISMISED CLAIMS AND TO EXCLUDE TRIAL WITNESSES AND DOCUMENTS WHICH DEFENDANT FAILED TO TIMELY DISCLOSE** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

                                      **GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
                                      *Attorneys for Defendant*


                                      *s/ William. P. Miles, Jr.*
                                      William P. Miles, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY GODWIN,                                       ) | |
| ) | |
| Plaintiff,                                  ) | Civil Action File No: |
| v.                                                         ) | 1:12-cv-3752-WSD |
| WELLSTAR HEALTH SYSTEM, INC.,   ) | |
| Defendant.                             ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2015, Defendant has filed **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S DISMISSED CLAIMS AND TO EXCLUDE TRIAL WITNESSES AND DOCUMENTS WHICH DEFENDANT FAILED TO TIMELY DISCLOSE** using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Defendant*

*s/ William P. Miles, Jr.*
Charles L. Bachman, Jr.
Georgia Bar No. 030545
William P. Miles, Jr.
Georgia Bar No. 505828
Lauren A. Nations
Georgia Bar No. 301299
cbachman@gregorydoylefirm.com
wmiles@gregorydoylefirm.com
lnations@gregorydoylefirm.com

49 Atlanta Street
Marietta, GA 30060
770-422-1776 (telephone)
770-426-6155 (facsimile)
2005099_1.docx