IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY GODWIN,

                Plaintiff,

v.

WELLSTAR HEALTH SYSTEMS, INC.,

                Defendant.

1:12-cv-3752-WSD

## OPINION AND ORDER

Plaintiff seeks to introduce into evidence Joint Exhibit J-25, which appears to contains images of entries in Plaintiff's personal diary made from February 17, 2011, through June 22, 2011. Defendant objects to the introduction of this exhibit, arguing that the diary is hearsay and does not fall under any exception to hearsay. Plaintiff argues that the diary is not hearsay, and, if it is hearsay, it falls under the exceptions in Federal Rules of Evidence 803(1) and (3).

The Federal Rules of Evidence provide that hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Federal Rules also provide two exclusions to hearsay where a declarant-witness offers a prior statement, and where a party

offers an opposing party's statement.  Fed. R. Evid. 801(d).  The declarant-witness exclusion requires that the statement sought to be admitted must either be inconsistent with the declarant's testimony—which the diary is not—or that it is consistent with the declarant's testimony and is offered to rebut a charge that declarant recently fabricated her statement or to rehabilitate the declarant's credibility as a witness.  Fed. R. Evid. 801(d)(1).  Plaintiff here does not offer the diary under either ground, because Plaintiff's credibility has not been attacked nor is there a charge that she fabricated her testimony.

Plaintiff next argues that those statements in Plaintiff's diary which are attributed to Cherise Brown are admission of a party opponent and thus are not hearsay under Federal Rule of Evidence 801(d)(2)(D).  She argues that the diary thus should, as a whole, be admitted under this rule.  The statements of a party opponent are admissible.  The question is whether this rule allows the entire diary to be admitted.  Most, if not all, of the diary entries are not statements made by Cherise Brown, but statements made by a variety of other people and Plaintiff's explanations or characterizations of events.  Plaintiff did not point to any specific party opponent statement she claims is admissible.  Plaintiff elects instead to argue that the diary entries as a whole should be allowed because there may be admissions of a party opponent contained in them.  The Court finds that the diary

as a whole is not admissible on these grounds, and the exhibit is hearsay, because it is an out-of-court statement offered to prove the truth of the matters asserted in the diary, and it does not fall under the hearsay exclusions in Rule 801(d).[1]

The Court next addresses whether any hearsay exceptions apply.  Plaintiff argues that the diary falls under the hearsay exceptions in Federal Rules of Evidence 803(1) and (3).  Federal Rule of Evidence 803(1), the "Present Sense Impression" exception, allows a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."  The Court finds that, while it is possible that Plaintiff could demonstrate that some concrete portions of her diary were written under such circumstances as to satisfy the requirements of Rule 803(1), Plaintiff failed to do so.  See Hughes v. Indianapolis Radio License Co., 2009 WL 226209, at *7 (S.D. Ind. Jan. 30, 2009).  A cursory review of the diary does not show any statements written "while or *immediately after*" Plaintiff perceived the event or condition.  "Plaintiff had the opportunity to write down whatever she wanted to when she made her diary entries; they were not spontaneous utterances, but rather the rendition of events that she chose to put down on paper."  Id.; see also United States v. Santos, 201 F.3d 953, 964 (7th Cir.

---

[1] The Court takes no position on whether during the remainder of the trial the exhibit, or portions of it, may be used or admitted for other purposes.

2000) (exception did not apply to handwritten note that "may have been intended as a reflective summary and characterization of . . . conduct rather than a spontaneous reaction to an immediate sensation"); United States v. Holmes, 498 F. App'x 923, 924 (11th Cir. 2012) ("The underlying theory of this exception is that the substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation").  The Court finds that Rule 803(1) does not apply.

Federal Rule of Evidence 803(3) provides an exception for "Then-Existing Mental, Emotional, or Physical Condition."  The Rule allows:

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3).  Again, a cursory review of the diary does not show any statements that would fall under this hearsay exception.  Plaintiff also "fails to cite any cases where the state of mind of the individual alleging discrimination is relevant."  Jenks v. Naples Comm. Hosp., Inc., 829 F. Supp. 2d 1235, 1248 (M.D. Fla. 2011).

Though Plaintiff does not raise the argument, some courts have allowed portions of diaries under Federal Rule of Evidence 807.  Rule 807 is the residual

exception to the hearsay rule, and "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances, and it applies only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." Jenks, 829 F. Supp. 2d at 1248 (internal quotation marks and alterations omitted) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009)).  Plaintiff does not offer any evidence showing that the diary has the guarantees of exceptional trustworthiness required by Rule 807 or found in other exceptions to the hearsay rule, or that high degrees of probativeness and necessity are present.  The Court's review of the diary does not show any highly probative information to which Plaintiff has not already testified or to which Plaintiff could not testify.  The Court finds that the diary is not admissible under Rule 807.[2]

For the reasons stated in this Order, the Court concludes that the exhibit is not admissible.

---

[2]   The court in Jenks found a certain portion of plaintiff's diary was admissible, because it went to the state of mind of the relevant decisionmaker in making her employment decision.  The statement allowed was plaintiff's recollection that the supervisor told her "because you have cancer we have been more lenient and let you get away with more because no one wanted to hurt [your] feelings." Jenks, 829 F. Supp. 2d at 1249.  If Plaintiff believes comparable statements going to Ms. Brown's state of mind exist in Plaintiff's diary, Plaintiff is instructed to identify those statements for the Court to determine whether they are admissible.

**SO ORDERED** this 3rd day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE