## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARY GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:12-cv-03752-WSD |
| v. | ) | |
| | ) | |
| WELLSTAR HEALTH | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Mary Godwin's judgment in her favor is the result of over four years' effort by her attorneys, all undertaken on a contingent fee agreement under which they would receive no payment unless they obtained a recovery for their client.  Ms. Godwin's attorneys investigated the case before filing, litigated it aggressively through the District Court, successfully appealed it to the Eleventh Circuit Court of Appeals after the Court granted summary judgment, and on remand won a favorable jury verdict awarding to the penny everything they asked for on Ms. Godwin's behalf.

Ms. Godwin engaged Buckley Beal LLP (then Buckley & Klein, LLP) to represent her in September 2011, a few months after Defendant had terminated her employment.  On October 26, 2012, Ms. Godwin filed a lawsuit in the Northern District of Georgia and asserted claims of discrimination and retaliation in violation of her rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.,* and retaliation and failure to accommodate claims pursuant to the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1).  After conducting discovery, Defendant moved for summary judgment on all of Ms. Godwin's claims. (Doc. 30).  On March 27, 2014, the District Court granted Defendant's summary judgment motion in its entirety and dismissed Ms. Godwin's ADEA and ADAAA claims. (Doc. 48). Ms. Godwin subsequently appealed the District Court's Order and the Eleventh Circuit subsequently reinstated the age discrimination claim.  On March 4, 2016, after a week-long jury trial, the jury returned a verdict that Defendant had willfully terminated Ms. Godwin in violation of the ADEA and awarded her $186,920.42 in compensatory damages.  (Doc. 119).  Because the jury found that Defendant willfully violated the ADEA, pursuant to the ADEA, the Court entered an Order for liquidated damages, doubling the compensatory damages for a total damage award of $373,840.84.  (Doc. 119).

The case is now ripe for an award of attorneys' fees and expenses. Godwin respectfully petitions the Court to award $419,903.70 in attorneys' fees through March 17, 2016. She also requests the Court award $20,018.86 in expenses which were necessary for the case but are not recoverable via a Bill of Costs.[1]

During the more than four years in which they represented Ms. Godwin, her counsel reviewed over two thousand pages of documents obtained through the discovery process, took seven (7) depositions, defended Ms. Godwin's deposition, prevailed in the Eleventh Circuit on Ms. Godwin's age discrimination claim, engaged in pre-trial motions and briefing, and prevailed against Defendant after a week-long trial. The time records submitted with this petition, the declarations of Ms. Godwin's attorneys, and the declaration of attorneys Andrew Coffman and John Wymer tell the story of those efforts and attest to the necessity and reasonableness of the time devoted and the rates requested.[2]

Employment cases are difficult to bring and very difficult to win: many are lost at summary judgment; others are lost at trial; still more are lost on appeal. Most plaintiffs, like Ms. Godwin in this case, cannot pay their attorneys by the

---

[1] In addition to her costs pursuant to Local Rule 54.2 supported by the contemporaneously filed Bill of Costs ($14,975.19), Plaintiff also moves the Court for an award of expenses that are not taxable in a bill of costs but reasonable expended in this case in the amount of $20,018.86. Plaintiff's table of ancillary costs expended and supporting documentation is attached hereto as Exhibit A.
[2] Plaintiff's counsels' itemized time entries are attached hereto as Exhibit B.

hour, and their counsel must take on enormous risk to prosecute the cases on a

contingent fee.  The private plaintiff's bar is by far the most important mechanism

for enforcing federal employment laws.  For these reasons, the ADEA provides for

an award of a reasonable attorneys' fee and expenses to a prevailing plaintiff.  29

U.S.C. § 216(b); 29 U.S.C. § 626(b).  Ms. Godwin is a prevailing plaintiff and

respectfully requests the Court award attorneys' fees and expenses incurred

through March 18, 2016. [3]

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

As the victor on her ADEA discrimination claim against Defendant, Ms.

Godwin is unquestionably a "prevailing party."  *Nance v. Maxwell Federal Credit*

*Union*, 186 F.3d 1338 (11th Cir. 1999) (holding that attorneys' fees are

appropriately awarded to a prevailing plaintiff in an ADEA suit). She is therefore

entitled to an award of her reasonable attorneys' fees and expenses under the

ADEA. The reasonableness of attorneys' fees and expenses is determined via the

"lodestar" method; i.e. the attorneys' reasonable hourly rates multiplied by the

---

[3] Attorneys should also be compensated for the time reasonably expended in seeking an award of fees from the Court. *Jonas v. Stack,* 758 F.2d 567 (11th Cir. 1985); *Johnson v. University Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983). Plaintiff's counsel therefore includes here the hours billed through March 18, 2016 and will later supplement this claim with any hours after these dates, particularly in light of Defendant's assertion that it will renew its motion for a directed verdict and move for a new trial.

number of hours they reasonably devoted to the representation.  Ms. Godwin

shows below, and via her counsels' declarations and the declarations of attorneys

Coffman and Wymer, that the time her counsel invested in this case was

reasonable and, in fact, necessary to achieving victory at trial.  Ms. Godwin also

shows that her attorneys' hourly rates are reasonable because they are in line with

the rates charged by similarly experienced attorneys in the Atlanta legal

community for similar work.  Even though Ms. Godwin's counsel were retained on

a contingent fee in this case, each of her attorneys regularly does hourly work at

the same rates they request be awarded in this case.  (Declaration of Edward D.

Buckley ("Buckley Dec.,") ¶ 13 attached as Exhibit C; Declaration of Rachel

Berlin ("Berlin Dec.") ¶11 attached as Exhibit D). Finally, the expenses Ms.

Godwin's attorneys incurred in prosecuting this case should be awarded.  Ms.

Godwin respectfully requests the Court award the full amount of fees and expenses

requested.

### A.   Ms. Godwin is a Prevailing Party and is Therefore Entitled to an Award of Fees and Expenses

A prevailing plaintiff in an ADEA action is entitled to an award of

reasonable attorney's fees. *See, e.g., Verbraeken v. Westinghouse Electric Corp.,*

881 F.2d 1041, 1051 (11th Cir. 1989).  Prevailing on "any significant issue in the

litigation which achieves some of the benefit the part[y] sought in bring[ing] suit"

compels characterization of that party as the prevailing party. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 109 S.Ct. 1486, 1493 (1989). Ms. Godwin won a $373,840.84 judgment against Defendant on her ADEA discrimination claim, leaving no question that she is a "prevailing party" entitled to recover her fees and expenses under the ADEA. *Id*.

Because Plaintiff is a prevailing party entitled to attorney's fees and costs, "the lodestar figure represents a presumptively reasonable fee." *Penn. v. Delaware Valley Citizens Council*, 478 U.S. 546, 565 (1986) ([A] "strong presumption that the lodestar figure . . . represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute"); *Walters v. City of Atlanta*, 652 F. Supp. 755, 757-58 (N.D. Ga. 1985). The lodestar amount is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988). The standard of reasonableness in determining the amount of attorney's fees is to be given a "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983).

As shown below, the Court should award Ms. Godwin's attorneys their fees and expenses as determined by the "lodestar" method. Because Ms. Godwin's

counsel invested reasonable time in the case and request reasonable rates, there is no basis for reducing the lodestar. *Penn*, 478 U.S. 546.

**B.** **The Time Ms. Godwin's Attorneys Invested in the Case Was Reasonable and Necessary to Achieve Victory**

**1.** **The Time Recorded**

In determining whether counsel expended a reasonable amount of time on a case, a court looks first to the time the attorneys recorded. *Hensley*, 461 U.S. at 433 (the hours counsel spent on the case are "[t]he most useful starting point for determining the amount of a reasonable fee"). The time for which attorneys should be compensated includes, not just time spent on the litigation, but also the time "spent on administrative proceedings to enforce the civil rights claim prior to the litigation." *North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 15 (1986); *see also Yule v. Jones*, 766 F.Supp. 1333, 1338 (N.D. Ga. Oct. 21. 2010) (Duffey, *J.*); *Webb v. Board of Ed.,* 471 U.S. 234, 243 (1985) (allowing compensation for pre-litigation services in preparation of suit).

For the past four and a half years, the attorneys and paralegals at Buckley Beal LLP devoted the following time to the case through March 17 2016, which Ms. Godwin requests be awarded: Edward D. Buckley: 257 hours; Justin Scott: 186.4 hours; Rachel Berlin: 470.10 hours; Brian Sutherland: 5.9 hours; Nicholas

Smith: 7 hours; Greg Lash: 5 hours; Joel Tucker: 25 hours; Renee Ritterling: 19 hours; Pam Rymin 168 hours.

Next, a court assesses the reasonableness of the time recorded.  Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits; however, counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required…" *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).  In fact, because counsel's sworn testimony is of such importance, in order for the time to be reduced, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances."  *Perkins*, 847 F.2d at 738.

In support of this fee petition, Ms. Godwin's lead counsel, Mr. Buckley and associate Rachel Berlin, have each submitted declarations detailing their work on the case, attesting that they contemporaneously recorded their time, and stating that, in their professional judgment, the time they spent was reasonable and necessary to the case.  In the exercise of billing judgment, counsel's hours were reduced for any time that could be construed as "excessive, redundant, or inefficient." *Id.*; *see also In Re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 354 (N.D. Ga. 1993).

Before submitting this fee petition, Mr. Buckley reviewed each time entry for every timekeeper to ensure that he and the other timekeepers had exercised sound billing judgment when allocating and recording their time. *See* Buckley Decl.). Mr. Buckley removed from billing statements any entries he felt were duplicative or which reflected hours not reasonably necessary for the effective representation of Ms. Godwin. (Buckley Dec., ¶19). Further, as discussed more fully below, attorneys Andrew Coffman and John Wymer, who have over six decades of experience handling employment cases, have reviewed all of the time entries of Ms. Godwin's attorneys and provided their own declarations attesting to the reasonableness of the time spent. *See* Wymer Declaration attached as Exhibit E; Coffman Declaration attached as Exhibit F).

## 2. The Court Should Award All of the Hours Requested

In addition to considering the declarations of counsel and experts like Mr. Coffman and Mr. Wymer, the Court may (but is not obliged to) consider any or all of the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1979) (abrogated to extent that contingent fee does not affect lodestar calculation).[4] *See also Hensley*, 461 U.S. at 424; *Norman*, 836 F.2d at 1299;

---

[4] In *Johnson*, the court found that twelve factors should be considered by trial courts in awarding statutory attorneys' fees in civil rights cases: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite

*Loranger v. Stierheim,* 10 F.3d 776, 781 & n. 6 (11th Cir. 1994) (citing with approval the *Johnson* "factors that district courts should balance in fashioning fee awards" although noting that the *Johnson* "balancing test has since been displaced by the lodestar formula . . . [for use] in establishing a reasonable hourly rate").

Four *Johnson* factors – the time and labor required, the novelty and difficulty of the case, the amount involved and the result obtained, and the skill of the attorneys required to perform the legal service properly – apply to analysis of the time spent, and all four factors indicate that Ms. Godwin's attorneys should be awarded all of the time they have invested in this case.

### a.    Time and Labor Required

Ms. Godwin's counsel represented her through every phase of the legal process culminating in her trial victories at trial and on appeal.  They prepared the EEOC charge, represented her before the EEOC, and filed the lawsuit on October 26, 2012.

---

to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case: (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

During the litigation, Ms. Godwin's counsel aggressively pushed the case, taking seven (7) depositions and defended Ms. Godwin's.  In addition to the usual hard work of getting an employment case past an appeal after the District Court granted summary judgment, Ms. Godwin also prevailed at trial. Even prior to the appeal, Ms. Godwin's counsel had to overcome a number of obstacles thrown up by the defense which caused them to spend substantially more time getting the case to trial than would otherwise have been necessary.

Nor does the Court's dismissal of Ms. Godwin's retaliation or disability claims warrant a reduction of the time invested in her victorious age discrimination claim.  Where the "claims for relief … involve a common core of facts or [are] based on related legal theories . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole making it difficult to divide the hours expended on a claim-by-claim basis."  *Hensley*, 461 U.S. at 435.  The Eleventh Circuit has taken an expansive view in determining whether claims are related by a common core of fact. *See Popham v. City of Kennesaw,* 820 F.2d 2570, 1579 (11th Cir. 1987) ("Because plaintiff's counsel is required to 'explore every aspect of the case, develop all the evidence and present it to the court,' courts have expansively treated claims as being related."). Therefore, "[a] computation of the hours reasonably expended … should include time spent on all claims that arise out of

the same course of conduct and share a 'common core of fact,' even if a specific individual claim did not succeed." *Lambert v. Fulton County*, 151 F.Supp. 1264, 1370 (N.D. Ga. 2000) (Thrash, *J*.).

In fact, it is reversible error for the district court to exclude hours based on the failure of some claims where those claims arose from the same course of conduct as the successful claim. *Morgado v. Birmingham-Jefferson Co. Civil Defense Corp*., 706 F.2d 1184, 1193 (11th Cir. 1983); *see also Davis v. Locke,* 936 F.2d 1208, 1214 (11th Cir. 1991); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1137 (11th Cir. 1984) (error for district court to reduce fee award by hours spent on unsuccessful claims where plaintiff prevailed on wage claim).

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because plaintiff failed to prevail on every contention in the lawsuit . . . . [T]he court's rejection of, or failure to reach, certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.

*U.S. v. Jones*, 125 F.3d 1418, 1429-30 (11th Cir. 1997).

In this case, Ms. Godwin's dismissed retaliation and disability claims and her successful age discrimination claim arose from common facts: her supervision by Cherise Brown, her actions during that supervision suggesting an age bias, and the termination of her employment. To prevail on an age discrimination claim, Ms.

Godwin had to show that Defendant terminated her based on Cherise Brown's recommendation, and Ms. Godwin's age was the but-for cause of, or determinative influence on, her recommendation that Ms. Godwin be terminated.  Furthermore, the relief available for age discrimination and retaliation claims are the same: had she succeeded on both claims at trial, the jury was still limited to awarding Plaintiff the amount she requested.  Furthermore, Ms. Godwin suffered from certain age-related disabilities – namely rheumatoid arthritis, osteoporosis and fibromyalgia.  Cherise Brown's treatment of Ms. Godwin supported both the disability claims, and the age discrimination and retaliation claims.  In sum, no discount on hours is justified by dismissal of the discrimination claim.

### b.      The Novelty or Difficulty of the Issues

Although Ms. Godwin's case did not present issues of first impression, this case did result in the Eleventh Circuit issuing an Opinion clarifying and expanding upon the circumstances under which a plaintiff in an employment discrimination case can establish "cat's paw" liability. 615 Fed. Appx. 518 (11th Cir. June 17, 2015).  Indeed, the Eleventh Circuit panel believed the issue to be so significant that it ordered oral argument.

Furthermore, like all employment cases, this was a difficult and risky case.  Employment litigation requires specialized skill and is considered a complex

area of practice.  Plaintiff's-side employment cases are considered especially difficult: there are only a small number of attorneys in Atlanta who, like Ms. Godwin's counsel, devote the great majority of their practice to these cases and have developed specialized skill and experience in the area.  *See* Buckley Dec. and Coffman Dec.

Ms. Godwin's claims required her counsel to prove the subjective mental state of the decision makers and to prove that their stated reasons for firing her were false.  Ms. Godwin's counsel succeeded despite the Defendant having experienced and skillful attorneys defending it. Ms. Godwin also had to win her appeal in the Eleventh Circuit.   Additionally, throughout the entirety of the case, Defendant refused to make *any* settlement offers.  (Buckley Dec., ¶14).

Many times, as here, cases take years to be completed, during which time witnesses disappear, memories fade, and often, the law changes. Thus, it is difficult to evaluate a potential claim, which makes taking the case subject to considerable risk. Moreover, a tremendous expenditure of time is required both to become initially familiar with the area, and then to keep up with the ongoing changes in the law.  (Indeed, in this case, the law was clarified through the appellate process). For these reasons, the Court should exercise its discretion in favor of a full award of all fees and costs.

### c.        Amount Involved and Results Obtained

Ms. Godwin obtained a judgment in her favor of $373,840.84.  That is an exceptional result. The jury awarded her $186,940.42 – every penny that she requested. The Court then doubled the jury's award because it found that Defendant willfully violated the law.  In *Hensley,* the Supreme Court held that the result obtained is an important factor in the determination of the attorney's fees, the ultimate determination to be made is the extent to which the plaintiff prevailed on her claims.  *Hensley*, 461 U.S. at 435. In addition, the Supreme Court has rejected the argument that attorney's fees must necessarily be in proportion to the amount of money recovered by the plaintiff, reasoning that the public benefit advanced by civil rights litigation is far more important than the amount of money received. *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1989).

Insofar as the value to the public is concerned, it is important to highlight the role of private enforcement of civil rights laws.  It has been held that the public good is "most meaningfully served by the day-to-day private enforcement of [civil] rights, which secures compliance and deters future violations." *Quarantion v. Tiffany & Co.*, 166 F.3d 422, 426 (2nd Cir. 1999).  In this case, the jury determined that the Defendant discriminated against Ms. Godwin because of her age. Such a verdict corrects a substantial wrong. The verdict deters future improper conduct

and represents a "specific spill-over of benefits for non-parties," thereby buttressing the significance of the relief and an award of a full compensatory fee. *Popham*, 820 F.2d at 1580.

Regarding the amount involved, there is nothing unusual about awarding fee and expense petitions which exceed the verdict. *See, e.g., Yule*, 766 F.Supp.2d 1333 (Duffey*, J.*) (awarding $1,788,835.50 in attorneys' fees following verdict of $185,000 and success at trial by only two of the four plaintiffs); *Carl v. Fulton County*, N.D. Ga. Civil Action File No. 1:07-cv-01812-AJB (Doc. #283 – Order on fee petition) (awarding $450,000 in fees following $300,000 verdict in single plaintiff case in which verdict consisted entirely of actual backpay lost and despite dismissal of multiple claims at summary judgment).

### d.      Skills of the Attorneys

Ms. Godwin's attorneys have each submitted affidavits attesting to their experience and expertise in plaintiff's side employment cases, and the declarations from attorneys Wymer and Coffman corroborate the skill of her trial and appeal team.  Mr. Buckley and Ms. Berlin each devote their practices to plaintiff's employment cases. Between them, they have represented hundreds of plaintiffs in discrimination and retaliation cases. Beyond their experience and prior achievements, perhaps the greatest testament to their skill in this particular case is

this: they won. They have many years of experience both as attorneys and advocates for employees in civil rights cases.  Accordingly, and based upon each of the above factors, the hours expended should be deemed reasonable.

### C.    Ms. Godwin's Attorneys' Rates are Reasonable

The lodestar "reasonable rate" is "based on reasonable standards in the community for attorneys of similar experience in handling similar cases."  *In re Domestic Air Transp. Litigation*, 148 F.R.D. 297, 355 (N.D. Ga. 1993).  Applying the attorneys' *current* rates to *all* of the work done in the case, as Ms. Godwin's counsel have done in their billing statements presented here, "properly accounts for inflation and delay in receipt of payment …."  *Id; Missouri v. Jenkins*, 109 S.Ct. 2463, 2469 (1989) ("an appropriate adjustment for delay in payment--whether by application of current rather than historic hourly rates or otherwise").

Ms. Godwin requests her counsel be awarded the following rates: Mr. Buckley: $525 per hour; Mr. Smith and Mr. Sutherland: $435 per hour; Mr. Scott: and Ms. Berlin $375 per hour; paralegals: $150 per hour.

Mr. Coffman, whose practice is very similar to that of Ms. Godwin's attorneys and who practices in the same market (his firm is across 14th Street from Buckley Beal LLP), states in his declaration that he "regularly monitor hourly rates for partners, associates, and paralegals" and the rates charged by

Ms. Godwin's counsel are reasonable and well within hourly rates charged by litigation attorneys of their caliber in the Atlanta area. (Coffman Dec. ¶4-6). Each of Ms. Godwin's attorneys have provided declarations attesting to their own experience.

Significantly, each of Ms. Godwin's attorneys, in addition to her contingent fee cases, also handles matters on an hourly basis. The rates at which each of Ms. Godwin's counsel bill, and actually receive payment, in their hourly matters are the same rates they are requesting be awarded here. (Buckley Dec., ¶13; Berlin Dec., ¶ 11). Thus, the rates Ms. Godwin's counsel request are not rates they invented for the fee petition; they are the actual rates at which each attorney routinely bills for his services on an hourly basis.

That the market actually compensates Ms. Godwin's counsel at the requested rates is compelling evidence that those rates are, in fact, the lodestar "reasonable" market rates. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [plaintiff's counsel] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand'").

No discount of the rates is justified; however, should the Court consider any of the optional *Johnson* factors pertaining to rates – the customary fee; the

experience, reputation and ability of the attorneys; awards in similar cases; the undesirability of the cases; preclusion of other employment; and the nature and length of the professional relationship with the client – they each favor awarding the rates Ms. Godwin's counsel requests.   Defendant cannot show that these rates are unreasonable.

### 1.       The Customary Fee

Reasonable hourly rates are the prevailing market rates "in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is ordinarily defined as the locale where the case was filed. *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994).  As stated in the declarations of Plaintiff's counsel and that of attorneys Coffman and Wymer the rates requested in this case are well within counsels' normal billing rates for similar cases and in line with previous fee awards.  *See* Coffman Dec. ¶¶ 5-7; Wymer Dec. ¶6. These hourly rates are also within the fee parameters customarily charged by lawyers of comparable skill and experience in the relevant legal community for work of this kind.  *Id.*

### 2.       The Experience, Reputation and Ability of the Attorneys

In assessing a reasonable hourly rate for Plaintiff's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the

substantive law." *Norman*, 836 F.2d at 1301. The experience, reputation and ability of the lawyers is set forth in counsel's declarations, as well as Mr. Coffman and Mr. Wymer's declarations. Plaintiff's trial counsel's collective experience includes well over forty years' experience devoted to civil rights litigation and individual skills developed in years of employment work and numerous trials involving employment and civil rights issues.

### 3.     Awards in Similar Cases

The Northern District's fee awards in *Yule v. Jones* and *Carl v. Fulton County*, discussed above, demonstrate that the fees requested in this case are reasonable and well in line with (or, in the case of *Yule*, substantially lower than) fee awards in recent employment cases.

### 4.    The Undesirability of the Case

Courts have recognized that civil rights and employment cases are undesirable and thus warrant payment of a higher fee in order to attract competent counsel. *Johnson v. Georgia Highway Express*, 488 F.2d at 719. Some of the most common reasons that civil rights and employment discrimination cases are viewed as undesirable by many members of the bar are the undesirable scrutiny of the attorney's fee phase, the long delay and uncertainty in payment, the inability of most plaintiffs to pay for routine expenses and attorney's fees, many cases are lost

without compensation or reimbursement, appeals are required in a high number of cases, and the fact that identification of the attorney with such cases tends to discourage other types of clients from engaging his or her services. This Court should consider the inherent disparity of resources between a civil rights plaintiff and those of Defendant, a disparity which contributes significantly to the undesirability of these cases. For example, a plaintiff will incur significant costs in order to vigorously pursue her claims, but often she will not have the funds to fully pay costs as they are accrued; hence, the plaintiff's counsel may not always recover their costs until a settlement or judgment is reached. This is quite the opposite for defense counsel that are employed by corporations like WellStar which can more readily bear the financial burdens of lengthy litigation.

### 5.      Preclusion of Other Employment

Buckley Beal LLP has ten attorneys and three paralegals (including one who is of counsel and does not focus on employment law).  The firm invested 1,147 professional hours in this case, receiving contemporaneous payment for none of that time, since the firm was retained on a contingent fee.  The firm receives an average of over 100 inquiries per week from potential clients, and it can represent only a very small percentage of them given the time investment necessary to successfully prosecute employment cases. (Buckley Dec. ¶14).  The time the firm

invested in the *Godwin* matter represents a major investment of resources that might have been devoted to other matters, some of which might have paid by the hour and/or resolved more quickly. To fully understand the significance of the risk, one need only imagine how few defense firms would be willing to defend these cases if their payment was conditioned on victory.

### 6.       Nature/Length of the Professional Relationship

The former Fifth Circuit has stated that a lawyer "may vary his fee for similar work in the light of the professional relationship of the client with his office." *Johnson*, 488 F.2d at 719. In employment cases, this factor is significant for the reason that lawyers taking such cases rarely develop any longstanding relationship with a client in terms of repeat business.

As noted above, Buckley Beal LLP has represented Ms. Godwin since September 2011, a few months after she was fired, and continuing through the present.  The firm prosecuted his case through the EEOC, in federal court, on appeal, and through a jury verdict.  Unlike in many other areas of practice, where such a long professional relationship would carry the prospect of more business from the client in the future, Buckley Beal LLP enjoyed no such benefit from the long representation; to the contrary, the hope is that Ms. Godwin will never require the firm's services again.  Accordingly, the employment lawyer has only the one

fee he can expect from a client's case if he or she is successful. The award of the

full fee and all expenses sought would go far in leveling what would otherwise be a

vastly uneven playing field.

### D. The Expenses Ms. Godwin's Attorneys Incurred were Reasonable and Necessary to the Victory

As the prevailing party, Ms. Godwin is entitled to an award of the expenses

her counsel invested in the case beyond merely the statutorily-mandated expenses

she has separately sought in her Bill of Costs.

> [W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs ... and the standard of reasonableness is to be given a liberal interpretation.

*N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (1987) (quoting

*Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)); *see also ACLU*

*of Ga. v. Barnes,* 168 F.3d 423, 438 (11th Cir. 1999). "The guideline on what is

includable must be that which is appropriate in the context of the attorney-client

relationship, the substantive and procedural nature of the case, and the climate in

which the litigation is conducted." *Dowdell*, 698 F.2d at 1192. Thus, "[i]n this

circuit the recoverability of costs is determined by the necessities of the case; even

relatively large or unusual costs may be taxed when they are reasonably incurred;

and there is no bar to complete recovery." *Id.* at 1191.  "In other words, any

expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed ….." *Johnson v. Mortham*, 950 F.Supp. 1117, 1126 (M.D.Fla. 1996).

> Reasonable attorneys' fees ... must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation.  The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay them, they must be born by counsel, reducing the fees award correspondingly.

*Dowdell v. City of Apopka*,  698 F.2d 1181, 1189-90 (11th Cir. 1983).

The expenses Ms. Godwin seeks are no different from those allowed under the cited authority insofar as they were necessary to properly and fully litigate her case. They reflect charges for such items as on-site trial graphics, the use of Legal Technology Services (which provided on-screen blow-ups of exhibits and highlighted important text), research, copy charges, postage fees, courier fees, and travel expenses. (Buckley Dec. ¶21)

Ms. Godwin's largest costs were taking depositions, and trial preparation including focus groups, and trial presentation.  Every witness Ms. Godwin deposed, with the exception of Jimmy Neal Reed, was called to testify at trial.  The money Ms. Godwin's counsel invested in videotaping the key depositions

undoubtedly paid dividends at trial, particularly given Ken Tifft's unavailability at trial.  Further, Ms. Godwin's investment in LTS allowed her to present exhibits, demonstrative evidence, and impeachment testimony in a persuasive manner. Accordingly, Ms. Godwin requests out-of-pocket expenses detailed in Exhibit A in the amount of $20,018.86. Combined with the Bill of Costs, Plaintiff is seeking a total of $419,903.70 in combined expenses.

## III.   CONCLUSION

For these reasons, and those set forth in the accompanying declarations and attached district court orders on fee petitions, Ms. Godwin respectfully requests the Court award the full fees and expenses requested: $419,903.70 in attorneys' fees and $20,018.86 in expenses, with additional fees to be awarded via subsequent petition following this and any other post-trial briefing.

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

BUCKLEY BEAL LLP

<u>s/ Edward D. Buckley</u>
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Rachel Berlin
Georgia Bar No. 707419
rberlin@buckleybeal.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARY GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:12-cv-03752-WSD |
| v. | ) | |
| | ) | |
| WELLSTAR HEALTH | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2016, I electronically filed the foregoing

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF**

**ATTORNEYS' FEES AND EXPENSES** with the Clerk of the Court using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorneys of record:

> Chuck Bachman
> Lauren Nations
> William Miles

s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com

BUCKLEY BEAL LLP

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*