# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARY GODWIN,

      Plaintiff,

v.

WELLSTAR HEALTH SYSTEMS,
INC.,

      Defendant.

Civil Action File No.

1:12-cv-03752-WSD

## <u>DECLARATION OF ANDREW Y. COFFMAN</u>

1.    My name is Andrew Y. Coffman and I am a partner with the law firm of Parks, Chesin & Walbert, P.C. in Atlanta. I give this affidavit in support of Plaintiff's petition for attorneys' fees after her successful verdict in the above styled action. Pursuant to 28 U.S.C. § 1746, I give this declaration based upon my personal knowledge.

### Licensure and Experience

2.    I earned my law degree from Boston University School of Law in 1992. I have been licensed to practice law in the State of Georgia since November of 1992 when I was first admitted to practice. I have over twenty-three (23) years of continuous full-time experience, focusing on litigation of

employment and civil rights disputes. I regularly practice in all state and appellate courts in Georgia, the United States District Court for the Northern and Middle Districts of Georgia and the United States Eleventh Circuit Court of Appeals.

## Litigation Experience

3.     The majority of my practice involves cases brought under federal employment and civil rights statutes, including the Age Discrimination in Employment Act, the Americans with Disabilities Act, Title VII, Section 1981, Section 1983, the Family and Medical Leave Act and the Fair Labor Standards Act. I have tried many cases to a final verdict in state and federal courts. Because of the nature of my practice and the work regularly performed by members of my law firm, I have experience in submitting fee petitions in employment and civil rights cases. I have also prosecuted and defended federal claims and billed clients on an hourly basis. I have researched and reviewed hourly rates and billable hours in the numerous cases handled by our firm in which fee petitions have been submitted to courts. The most recent petitions in which I have participated as lead counsel are *Douglas Carl v. Fulton County, et al,* N.D. Ga., Civil Action File No.: 1:07-cv-1812-WBH-AJB (Title VII) ($500,000 awarded as attorneys' fees); *Darryl Henderson v. City of Grantville*, N.D. Ga., Civil Action File No. 3:13-CV-

87-TCB (FLSA) (awarding $55,000 as attorney's fees); and *Tiffany Butz, et al. v. Amware Distribution Warehouses of Georgia, et al.*, N.D. Ga., Civil Action File No. 1:13-CV-3204-WSD (FLSA) (awarding $62,408.35 in fees.)

### Hourly Rates in Atlanta

4.     Both in my own practice, and from my experience in litigating cases in the state and federal courts, I am familiar with the fees generally charged by attorneys in the Atlanta area in litigation matters. I am currently the managing partner for Parks, Chesin & Walbert, P.C. In this capacity, I regularly monitor hourly rates for partners, associates, and paralegals. The standard hourly rate our firm charges for attorneys with between 7 – 10 years of litigation experience is between $300 and $400. Partners at our firm charge between $400 and $525 or more per hour for litigation services, with senior partners charging at the top end of the scale, depending on the complexity and time constraints of a particular case.

### Counsels' Claimed Hourly Rates

5.     I am very familiar with the reputation, litigation skills and legal ability of Edward D. Buckley and the attorneys at the firm of Buckley Beal, having observed them in practice and having reviewed the pleadings and papers related to this and other cases. Our law firms have very similar practices, and we

litigate against many of the same employers and members of the employment

defense bar. I have firsthand knowledge of their skill and expertise in handling

employment cases, and consider them to be among the elite within the plaintiffs'

employment bar.  There are few attorneys handling employment cases matching

the experience and reputation of Mr. Buckley and the lawyers at his firm. They

have consistently worked on important cases and established significant

precedent developing areas of employment law in the Eleventh Circuit

6. Based on my experience, Mr. Buckley's hourly rate of $525 per hour

is reasonable and well within hourly rates charged by litigation attorneys of his

caliber in the Atlanta area. Mr. Buckley is one of the most well-known and

preeminent employment trial lawyers in Atlanta with an impeccable reputation as

an advocate and as a professional toward his colleagues. It is also my opinion that

the $435.00 hourly rate stated for Nicholas Smith, a partner with over 10 years of

experience, is reasonable. Similarly, it is my opinion that $435 per hour is a

reasonable hourly rate for Brian J. Sutherland, a partner with 9 years of

experience and a former trial attorney with the Equal Employment Opportunity

Commission.  I know that Justin Scott graduated from Emory University and was

admitted to practice in 2007.  $375 is a reasonable hourly rate for an associate

attorney with nine (9) years of experience in the Atlanta legal market.  The same

is true for Ms. Rachel Berlin.  Given her 7 years of significant litigation experience, $375 is a reasonable hourly rate for her work on this matter. Finally, it is my opinion that $150 per hour is a reasonable rate charged by paralegals with over 20 years of experience.

7.     The rates claimed by the attorneys at Buckley Beal for services rendered to Ms. Godwin in this case are in line with the hourly rates charged by litigation counsel of similarly significant experience and reputation in the Atlanta legal market.

## Reasonableness of Time Devoted to the Case

8.     I reviewed the docket related to this case, the order granting summary judgment, appellate pleadings, trial pleadings, the final amended judgment, the detailed billing records from Buckley Beal, and the affidavits of Mr. Buckley and Ms. Berlin. It is my opinion that the type of high-quality legal work performed, the time spent on discrete events during the case, and the result obtained justify a full fee award. The overall time spent on the activities described is reasonable and well within the expected amounts of time spent for a case, like this one, which includes an intervening appeal to the Eleventh Circuit and where the claim required proof of intentional discrimination.

9.     It also appears to me that the attorneys were conscientious in their recording of time. The entries are reasonably detailed and do not appear to be excessive or unnecessarily duplicative.

10.     Based on the length of time the parties litigated this case, the number of contested issues, and the experience and skill of the attorneys involved, it is my opinion based on my personal knowledge and experience that the hourly rates and the overall time devoted to the case are reasonable.

## Other Considerations

11.     Ms. Godwin prevailed on her claim to the fullest extent permitted under the ADEA, including a finding of willfulness to support liquidated damages. From my experience working with clients and litigating such claims, I can state that this is no easy task. Many challenges exist to such a successful outcome. The intervening appeal following the grant of summary judgment is but one example of the determination and complex legal work required for a successful outcome.

12.     Attorneys pursuing civil rights claims based on contingent fees take enormous risk. The fairly exacting standards applied to pleading and proof in such cases deters many practitioners from representing employees on a contingent basis in these areas. Unfortunately, most employees cannot afford to pursue cases by retaining attorneys on an hourly basis and finding a qualified attorney willing to

pursue a case on a contingent basis is not easy. Attorneys acting as private attorneys general, willing to prosecute violations of employment discrimination statutes are critical to the success of our civil rights laws and to fulfill Congressional intent. The pursuit of claims exactly like this one fulfills the promise of our antidiscrimination laws.

13.     The amount of attorney's fees claimed in Plaintiff's petition is not unreasonable and is proportionate to the overall recovery. I understand that the jury actually inquired whether it could award more than the Plaintiff's proven back pay damages. In the absence of the limitations on damages in ADEA cases, it seems likely that the jury would have awarded additional damages to Ms. Godwin. This is a sign that the attorneys in this case tried an excellent case.

14.     This case demonstrates why undertaking representation without any upfront guarantee of compensation is not attractive to many lawyers. Waiting 3 ½ years for payment of services further justifies a full fee award.

## Compensation

15.     I have not sought compensation for my review of this file or for the preparation of my affidavit.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Andrew Y. Coffman