UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY GODWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLSTAR HEALTH )<br>SYSTEMS, INC., )<br>)<br>Defendant. ) | CIVIL ACTION<br>FILE NO. 1:12-cv-03752-WSD |

**BRIEF IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Mary Godwin files this Brief in Support of her Supplemental Motion for Attorneys' Fees and Expenses seeking additional fees and expenses for the time her attorneys spent preparing the fee petitions in this lawsuit and the time that they spent responding to and drafting post-trial motions.

Plaintiff previously filed a Motion for Attorneys' Fees and Expenses seeking $419,903.70 in fees and $20,018.86 in expenses through March 17, 2016.  (Doc. 125). Since filing the aforementioned Motion, the parties have engaged in post-trial briefing and Plaintiff has drafted fee petitions to recover the attorneys' fees and expenses incurred.

The ADEA provides for an award of a reasonable attorneys' fee and expenses to a prevailing plaintiff.  29 U.S.C. § 216(b); 29 U.S.C. § 626(b). Attorneys should be compensated for the time reasonably expended in seeking an award of fees from the Court, and in seeking fees for post-trial briefing. *Jonas v. Stack,* 758 F.2d 567 (11th Cir. 1985); *Johnson v. University Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309-10 (11th Cir. 2001); *Webster v. Greenthumb Co. v. Fulton County*, 112 F.Supp. 2d 1339, 1367 (N.D. Ga. 2000). Pursuant to the ADEA and Eleventh Circuit binding case law, Plaintiff seeks the reasonable attorneys' fees and expenses incurred since March 17, 2016 (the date that the previous fee petition was filed). In addition to the fees requested in the initial fee petition filed in this case, Plaintiff requests that this Court enter an Order awarding her $29,962.50 in additional fees and $745.20 in expenses. [1]

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

As the victor on her ADEA discrimination claim against Defendant, Ms. Godwin is unquestionably a "prevailing party." *Nance v. Maxwell Federal Credit Union*, 186 F.3d 1338 (11th Cir. 1999) (holding that attorneys' fees are appropriately awarded to a prevailing plaintiff in an ADEA suit). She is therefore

---

[1] Plaintiff's counsels' itemized time entries are attached hereto as Exhibit A.

entitled to an award of her reasonable attorneys' fees and expenses under the ADEA.[2]

### A.  Attorneys' Fees for Fee Petitions and Post-Trial Motions

Time spent on fee petitions is compensable. *Jonas v. Stack*, 758 F.2d 567 (11th Cir. 1985); *Johnson v. University Coll. Of Univ. of Ala Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983). Courts have acknowledged that "the preparation of a fee petition may take a great deal of time." *Wolff v. Royal American Management, Inc.,* 2012 WL 5303665, at *8 (S.D. Ala. Oct. 25, 2012). As part of this Motion, Plaintiff seeks to recover the reasonable amount of time her attorneys spent preparing the fee petition filed on March 17, 2016, as well as the time preparing the instant fee petition.

Time spent on post-trials motions is also compensable. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309-10 (11th Cir. 2001); *Webster v. Greenthumb Co. v. Fulton County*, 112 F.Supp. 2d 1339, 1367 (N.D. Ga. 2000). Since filing the previous fee petition, Defendant has filed a Motion for a New Trial (Doc. 135) and a Motion for Judgment as a Matter of Law (Doc. 134). Plaintiff has also filed post-judgment motions, specifically a Motion for Equitable Relief in the form of prejudgment interest and front pay in lieu of reinstatement. (Doc. 123). The time

---

[2] Plaintiff's Motion for Attorney's Fees with attachments (Doc. 125) is incorporated herein by reference.

Plaintiff's counsel spent drafting and responding to the foregoing motions is recoverable. *Id.*

Since submitting the original fee petition in this case on March 17, 2016, Buckley Beal LLP has devoted the following time to the case, which Ms. Godwin requests be awarded: Edward D. Buckley: 11.3 hours; Rachel Berlin: 56.4 hours; Pam Rymin: 19.10 hours. In determining whether counsel expended a reasonable amount of time on a case, a court looks first to the time the attorneys recorded. *Hensley*, 461 U.S. at 433 (the hours counsel spent on the case are "[t]he most useful starting point for determining the amount of a reasonable fee"). The time for which attorneys should be compensated includes, not just time spent on the litigation, but also the time spent on preparing fee petitions and post-trial motions. *See, Johnson, supra; Villano, supra.*

The Court may (but is not obliged to) consider any or all of the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1979) (abrogated to extent that contingent fee does not affect lodestar calculation). *See also Hensley*, 461 U.S. at 424; *Norman*, 836 F.2d at 1299; *Loranger v. Stierheim,* 10 F.3d 776, 781 & n. 6 (11th Cir. 1994) (citing with approval the *Johnson* "factors that district courts should balance in fashioning fee awards" although noting that the *Johnson* "balancing test has since been displaced by the

lodestar formula . . . [for use] in establishing a reasonable hourly rate"). As detailed in Plaintiff's Motion for Attorney's Fees and Expenses (Doc. 125) and incorporated herein, Plaintiff's supplemental attorneys' fees and expenses should also be awarded because they spent a reasonable amount of time litigating this case, received a phenomenal result for Ms. Godwin, and they are experienced attorneys with reasonable rates. (Doc. 125-1; Buckley Supplemental Declaration attached as Exhibit B).

### B. The Additional Expenses Ms. Godwin's Attorneys Incurred were Reasonable and Necessary to the Victory

As the prevailing party, Ms. Godwin is entitled to an award of the expenses her counsel invested in the case beyond merely the statutorily-mandated expenses she has separately sought in her Bill of Costs.

> [W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs ... and the standard of reasonableness is to be given a liberal interpretation.

*N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (1987) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)); *see also ACLU of Ga. v. Barnes,* 168 F.3d 423, 438 (11th Cir. 1999). "The guideline on what is includable must be that which is appropriate in the context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in

which the litigation is conducted." *Dowdell*, 698 F.2d at 1192. Thus, "[i]n this circuit the recoverability of costs is determined by the necessities of the case; even relatively large or unusual costs may be taxed when they are reasonably incurred; and there is no bar to complete recovery." *Id.* at 1191. "In other words, any expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed ….." *Johnson v. Mortham*, 950 F.Supp. 1117, 1126 (M.D.Fla. 1996).

> Reasonable attorneys' fees ... must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay them, they must be born by counsel, reducing the fees award correspondingly.

*Dowdell v. City of Apopka*, 698 F.2d 1181, 1189-90 (11th Cir. 1983).

Since filing the initial fee petition, Ms. Godwin's counsel has incurred additional expenses to obtain the trial transcript in this case ($745.20). This expense was necessary to properly and fully litigate her case, and was necessary so that she could cite to the trial transcript when responding to the post-trial motions filed by Defendant. Accordingly, Ms. Godwin requests out-of-pocket expense detailed in Exhibit C in the amount of $745.20.

## III.	CONCLUSION

Ms. Godwin respectfully requests the Court award the supplemental fees and expenses requested: $29,962.50 in attorneys' fees and $745.20 in expenses.

                                     BUCKLEY BEAL LLP

                                     s/ Edward D. Buckley
                                     Edward D. Buckley
                                     Georgia Bar No. 092750
                                     edbuckley@buckleybeal.com
                                     Rachel Berlin
                                     Georgia Bar No. 707419
                                     rberlin@buckleybeal.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

                                BUCKLEY BEAL LLP

                                s/ Edward D. Buckley
                                Edward D. Buckley
                                Georgia Bar No. 092750
                                edbuckley@buckleybeal.com
                                Rachel Berlin
                                Georgia Bar No. 707419
                                rberlin@buckleybeal.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARY GODWIN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. 1:12-cv-03752-WSD |
| v. ) | |
| ) | |
| WELLSTAR HEALTH ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2016, I electronically filed the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

   Chuck Bachman
   Lauren Nations
   William Miles

                              s/ Edward D. Buckley
                              Edward D. Buckley
                              Georgia Bar No. 092750
                              edbuckley@buckleybeal.com

BUCKLEY BEAL, LLP

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*